IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

The Huntington National Bank

    Plaintiff,

    v.

James Duda Jr; Karla C. Duda

    Defendants.

Case No. 23-cv-6439

Assigned Judge:
Magistrate Judge:

**COMPLAINT FOR CONFESSION OF JUDGMENT**

NOW COMES Plaintiff The Huntington National Bank ("Plaintiff" or "Huntington") for its Complaint for Confession of Judgment against Defendants James Duda Jr. ("James") and Karla C. Duda ("Karla" and collectively with "James" the "Guarantors"), respectfully states as follows:

**Nature of the Case**

This is an action for Confession of Judgment against Borrower pursuant to 735 ILCS 5/2-1301(c) in connection with three loans for the principal sums of $50,000.00, $410,000.00, and $25,000.00 that are currently in default based on Borrower's failure to make the monthly payments when due.

**The Parties**

1. Plaintiff is a national banking association, the main office of which is located in the State of Ohio and the state designated on its organization certificate is Ohio.

2. Guarantors are a citizen of the State of Illinois, and at all times referenced in this Complaint, domiciled in Geneva, Illinois.

**Jurisdiction and Venue**

3. This Court has original subject matter jurisdiction in this lawsuit pursuant to 28 U.S.C. §1332(a), because the matter in controversy is between citizens of different states and it exceeds the sum of $75,000, exclusive of interest and costs.

4. This Court has personal jurisdiction over the Defendants under 735 ILCS 5/2-209(a) & (b).

5. Venue is proper in this district pursuant to 28 U.S.C. §1391(a).

## Relevant Facts
## 26 Note

6. On or about September 30, 2017, Plaintiff extended credit to Millie's Pancake Shoppe II, Inc., ("Millies") in the amount of $50,000.00 (the "26 Loan"). As evidence of the 26 Loan, Millies executed a Promissory Note (the "26 Note") in favor of Plaintiff dated September 30, 2017, in the principal amount of $50,000.00. A true and correct copy of the 26 Note is attached hereto as Exhibit A and by express reference made a part hereof.

7. On or about September 30, 2017, James Duda Jr. ("James") executed a certain Commercial Guaranty guarantying payment of all amounts due from Millies to Plaintiff including the 26 Loan (the "26 Guaranty"). A true and correct copy of the 26 Guaranty is attached hereto as Exhibit B.

8. Millies is in default of the 26 Note for failure to make the monthly payments when due.

9. As a result of said default, Plaintiff accelerated all indebtedness under the 26 Note and demanded payment in full of all amounts due Plaintiff in connection with the 26 Note.

10. Not withstanding Millies' default, Guarantor failed to pay the Note in full.

11. As of August 14, 2023, the amount of principal and interest due and owing Plaintiff under the 26 Loan and pursuant to the 26 Note is $47,847.56 plus per diem interest of $12.29 every day after August 14, 2023.

12. Huntington has performed all of its obligations under each of the 26 Note and 26 Guaranty.

**Visabel Note**

13. On or about August 13, 2018, Plaintiff extended credit to Visabel Pizza, LLC ("Visabel") in the amount of $410,000.00 (the "Visabel Loan"). As evidence of Visabel's Loan, Visabel executed a US Small Business Administration Note the ("Visabel Note") in favor of the Plaintiff dated August 13, 2018, in the principal amount of $410,300.00. A copy of the Visabel Note is attached hereto as Exhibit C and by express reference made a part hereof.

14. On or about August 31, 2018, James executed a certain Commercial Guaranty guarantying payment of all amounts due from Visabel to Plaintiff, including the Visabel Loan (the "James Guaranty"). A true and correct copy of the James Guaranty is attached hereto as Exhibit D.

15. Additionally, on or about August 31, 2018, Karla executed a certain Commercial Guaranty guarantying payment of all amounts due on the Visabel Loan, and all other amounts due from Visabel to Plaintiff (the "Karla Guaranty" and collectively with the "James Guaranty" the "Visabel Guarantees"). A true and correct copy of the Karla Guaranty is attached hereto as Exhibit E.

16. Visabel is in default of the Visabel Note for failure to make the monthly payments when due.

3

17. As a result of said default, Plaintiff accelerated all indebtedness under the Visabel Note and demanded payment in full of all amounts due.

18. Despite Plaintiff's demands, neither Visabel, nor any party on behalf of Visabel has paid off the amounts due Plaintiff with respect to the Visabel Note.

19. Plaintiff fully complied with all terms of the Visabel Note.

20. As of August 14, 2023, less attorneys' fees and costs, there is due and owing on the Visabel Note the amount of $382,978.05 plus per diem interest of $55.67 every day after August 14, 2023.

## 42 Note

21. On or about August 31, 2018, Plaintiff extended credit to Visabel Pizza, LLC ("Visabel") in the amount of $25,000.00 (the "42 Loan"). As evidence of the 42 Loan, Visabel executed a Promissory Note (the "42 Note") in favor of Plaintiff dated August 31, 2018 in the principal amount of $25,000. A Copy of the 42 Note is attached hereto as Exhibit F and by express reference made a part hereof.

22. Guarantors guaranteed payment of all amounts due on the 42 Loan pursuant to the Visabel Guarantees.

23. Visabel is in default of the 42 Note for failure to make the monthly payments when due.

24. As a result of said default, Plaintiff accelerated all indebtedness under the 42 Note and demanded payment in full of all amounts due Plaintiff in connection with the 42 Note.

25. Despite Plaintiff's demands, neither Visabel, nor any party on behalf of Visabel has paid off the amounts due Plaintiff with respect to the 42 Note.

26. Plaintiff fully complied with all terms of the 42 Note.

27. As of August 14, 2023, less attorneys' fees and costs, there is due and owing on the 42 Note the amount of $29,195.22 plus per diem interest of $7.02 every day after August 14, 2023.

## COUNT I
## Confession of Judgment Against James Duda, Jr. – 26 Note

28. The Huntington National Bank ("Huntington" or "Plaintiff") restates and incorporates by reference herein the allegation asserted in paragraphs 1 through 27, as Paragraph 28 of this complaint.

29. The 26 Guaranty delivered to Huntington by James contains the following language regarding a confession of judgment:

> CONFESSION OF JUDGMENT: Guarantor hereby irrevocably authorizes and empowers any attorney-at-law to appear in any court of record and to confess judgment against Guarantor for the unpaid amount of this Guaranty as evidenced by an affidavit signed by an officer of Lender setting forth the amount then due, attorneys' fees plus costs of suit, and to release all errors, and waive all rights of appeal. If a copy of this Guaranty, verified by an affidavit, shall have been filed in the proceeding, it will not be necessary to file the original as a warrant of attorney. Guarantor waives the right to any stay of execution and the benefit of all exemption laws now or hereafter in effect. No single exercise of the foregoing warrant and power to confess judgment will be deemed to exhaust the power, whether or not any such exercise shall be held by any court to be invalid, voidable, or void; but the power will continue undiminished and may be exercised from time to time as Lender may elect until all amounts owing on this Guaranty have been paid in full. Guarantor hereby waives and releases any and all claims or causes of action which Guarantor might have against any attorney acting under the terms of authority which Guarantor has granted herein arising out of or connected with the confession of judgment hereunder.

Ex. B.

30. As of August 14, 2023, the amount of principal and interest due and owing Plaintiff under the 26 Loan and pursuant to the 26 Note is $47,847.56 plus per diem interest of $12.29 every day after August 14, 2023.

5

31. Additionally, Plaintiff has incurred attorney fees and court costs related to its collection efforts, which it is entitled to collect from James based on the term of the 26 Loan.

32. Accordingly, Huntington seeks judgment by confession against James Duda Jr., in the amount of $47,847.56 related to the 26 Note, plus attorneys fees and costs.

WHEREFORE, Plaintiff, the Huntington National Bank, requests that judgment be entered in its favor and against James Duda Jr., in the amount of $47,847.56 plus attorney fees and court costs, and for such other and further relief as this Court deems proper.

### COUNT II
### Confession of Judgment Against Karla C. Duda and James Duda, Jr.
### Visabel Note

33. The Huntington National Bank ("Huntington" or "Plaintiff") restates and incorporates by reference herein the allegation asserted in paragraphs 1 through 32 as Paragraph 33 of this complaint.

34. The Visabel Guarantees delivered to Huntington by James Duda, Jr., and Karla C. Duda contain the following language regarding a confession of judgment:

> CONFESSION OF JUDGMENT: Guarantor hereby irrevocably authorizes and empowers any attorney-at-law to appear in any court of record and to confess judgment against Guarantor for the unpaid amount of this Guaranty as evidenced by an affidavit signed by an officer of Lender setting forth the amount then due, attorneys' fees plus costs of suit, and to release all errors, and waive all rights of appeal. If a copy of this Guaranty, verified by an affidavit, shall have been filed in the proceeding, it will not be necessary to file the original as a warrant of attorney. Guarantor waives the right to any stay of execution and the benefit of all exemption laws now or hereafter in effect. No single exercise of the foregoing warrant and power to confess judgment will be deemed to exhaust the power, whether or not any such exercise shall be held by any court to be invalid, voidable, or void; but the power will continue undiminished and may be exercised from time to time as Lender may elect until all amounts owing on this Guaranty have been paid in full. Guarantor hereby waives and releases any and all claims or causes of action which Guarantor might have against any attorney acting under the terms of authority

>which Guarantor has granted herein arising out of or connected with the confession of judgment hereunder.

Exs. D and E.

35. As of August 14, 2023, less attorneys' fees and costs, there is due and owing on the Visabel Note the amount of $382,978.05 plus per diem interest of $55.67 every day after August 14, 2023.

36. Additionally, Plaintiff has or will have incurred attorney fees and court costs related to its collection efforts, which it is entitled to collect from Guarantors based on the term of the Visabel Guarantees.

37. Accordingly, Huntington seeks judgment by confession against the Guarantors in the amount of $382,978.05 related to the Visabel Loan, plus attorneys fees and court costs.

WHEREFORE, Plaintiff, The Huntington National Bank, requests that judgment be entered in its favor and against James Duda Jr. and Karla C. Duda, jointly and severally, in the amount of $382,978.05, plus attorney fees and court costs, and for such other and further relief as this Court deems proper.

## COUNT III
### Confession of Judgment against James Duda, Jr. and Karla C. Duda
### 42 Note

38. The Huntington National Bank ("Huntington" or "Plaintiff") restates and incorporates by reference herein the allegation asserted in paragraphs 1 through 37, as Paragraph 38 of this complaint.

39. Huntington owns the 42 Loan, 42 Note, and related documents.

40. The Visabel Guarantees delivered to Huntington by James Duda, Jr., and Karla C. Duda contain the following language regarding a confession of judgment:

> CONFESSION OF JUDGMENT. Guarantor hereby irrevocably authorizes and empowers any attorney-at-law to appear in any court of record and to confess judgment against Guarantor for the unpaid amount of this Guaranty as evidenced by an affidavit signed by an officer of Lender setting forth the amount then due, attorneys' fees plus costs of suit, and to release all errors, and waive all rights of appeal. If a copy of this Guaranty, verified by an affidavit, shall have been filed in the proceeding, it will not be necessary to file the original as a warrant of attorney. Guarantor waives the right to any stay of execution and the benefit of all exemption laws now or hereafter in effect. No single exercise of the foregoing warrant and power to confess judgment will be deemed to exhaust the power, whether or not any such exercise shall be held by any court to be invalid, voidable, or void; but the power will continue undiminished and may be exercised from time to time as Lender may elect until all amounts owing on this Guaranty have been paid in full. Guarantor hereby waives and releases any and all claims or causes of action which Guarantor might have against any attorney acting under the terms of authority which Guarantor has granted herein arising out of or connected with the confession of judgment hereunder.

Exs. D and E.

41. As of August 14, 2023, less attorneys' fees and costs, there is due and owing on the Visabel Note in the amount of $29,195.22 plus per diem interest of $7.02 every day after August 14, 2023.

42. Additionally, Plaintiff has or will have incurred attorney fees and court costs related to its collection efforts, which it is entitled to collect from Guarantors based on the term of the Visabel Guarantees.

43. Accordingly, Huntington seeks judgment by confession against James Duda Jr. and Karla C. Duda in the amount of $29,195.22, plus attorneys fees and court costs.

WHEREFORE, Plaintiff, the Huntington National Bank, requests that judgment be entered in its favor and against James Duda Jr. and Karla C. Duda in the amount of $29,195.22,

8

plus attorneys fees and court costs, and for such other and further relief as this Court deems proper.

                                                  Respectfully submitted,

                                                  The Huntington National Bank

                                                  By: *Matthew L. Hendricksen*
                                                           One of its Attorneys

Matthew L. Hendricksen (6296720)
Plunkett Cooney, P.C.
221 N. LaSalle Street, Suite 3500
Chicago, Illinois 60601
(312) 970-3495
mhendricksen@plunkettcooney.com

Open.26611.31925.31686618-1

9