**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

The Huntington National Bank

        Plaintiff,

             v.

James Duda Jr; Karla C. Duda

        Defendants.

Case No. 23-cv-6439

Assigned Judge: Robert W. Gettleman
Magistrate Judge: Jeffrey T. Gilbert

**PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS**

Plaintiff The Huntington National Bank ("Plaintiff" or "Huntington"), hereby moves the Court, pursuant to FED. R. CIV. P. 12(c) and 735 ILCS 5/2-1301(c), for judgment on the pleadings, against Defendants James Duda Jr. ("John") and Karla C. Duda ("Karla" and collectively with "John" the "Defendants" or "Guarantors") as to the Complaint for Confession of Judgment (Doc. 1) (the "Complaint"). In support of this motion, Huntington respectfully states as follows:

**Nature of Case**

1.     This is an action for Confession of Judgment against pursuant to 735 ILCS 5/2-1301(c) in connection with 3 Loans that are currently in default because of Defendants' failure to make monthly payments when due. The Court has the authority to, and should, enter judgment on the pleadings as to the Complaint for Confession of Judgment (Doc. 1). Defendants have confessed judgment and waived any and all defenses.

**The Parties and Jurisdiction**

2.      Plaintiff is a national banking association, the main office of which is located in the State of Ohio and the state designated on its organization certificate is Ohio.

3.      James Duda Jr. is citizen of the state of Illinois, and was at all times referenced in this Complaint, domiciled in DuPage County, Illinois. Specifically, 467 Yardley Dr., Carol Stream, IL 60188.

4.      Karla C. Duda is citizen of the state of Illinois, and was at all times referenced in this Complaint, domiciled in DuPage County, Illinois. Specifically, 467 Yardley Dr., Carol Stream, IL 60188.

5.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332(a) because the Defendants are not a resident of the same state as Plaintiff and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

6.      Venue is appropriate in the Northern District of Illinois pursuant to 28 U.S.C. § 1391 because Defendant resides in this district and the loan was entered into in this district.

## Background

### 26 Note

7.      On or about September 30, 2017, Plaintiff extended credit to Millie's Pancake Shoppe II, Inc., ("Millies") in the amount of $50,000.00 (the "26 Loan"). As evidence of the 26 Loan, Millies executed a Promissory Note (the "26 Note") in favor of Plaintiff dated September 30, 2017, in the principal amount of $50,000.00.  A true and correct copy of the 26 Note is attached hereto as Exhibit 1 to Plaintiff's Affidavit attached hereto as Exhibit A and by express reference made a part hereof.

8.      On or about September 30, 2017, James Duda Jr. ("James") executed a certain Commercial Guaranty guarantying payment of all amounts due from Millies to Plaintiff including

2

the 26 Loan (the "26 Guaranty"). A true and correct copy of the 26 Guaranty is attached hereto as Exhibit 2 to Plaintiff's Affidavit attached hereto as Exhibit A.

9. Millies is in default of the 26 Note for failure to make the monthly payments when due.

10. As of September 7, 2023, the amount of principal and interest due and owing Plaintiff under the 26 Loan and pursuant to the 26 Note is $48,130.23 plus per diem interest of $12.29 every day after September 7, 2023.

11. The 26 Guaranty delivered to Huntington by James contains the following language regarding a confession of judgment:

> CONFESSION OF JUDGMENT: Guarantor hereby irrevocably authorizes and empowers any attorney-at-law to appear in any court of record and to confess judgment against Guarantor for the unpaid amount of this Guaranty as evidenced by an affidavit signed by an officer of Lender setting forth the amount then due, attorneys' fees plus costs of suit, and to release all errors, and waive all rights of appeal. If a copy of this Guaranty, verified by an affidavit, shall have been filed in the proceeding, it will not be necessary to file the original as a warrant of attorney. Guarantor waives the right to any stay of execution and the benefit of all exemption laws now or hereafter in effect. No single exercise of the foregoing warrant and power to confess judgment will be deemed to exhaust the power, whether or not any such exercise shall be held by any court to be invalid, voidable, or void; but the power will continue undiminished and may be exercised from time to time as Lender may elect until all amounts owing on this Guaranty have been paid in full. Guarantor hereby waives and releases any and all claims or causes of action which Guarantor might have against any attorney acting under the terms of authority which Guarantor has granted herein arising out of or connected with the confession of judgment hereunder.

**Visabel Note**

12. On or about August 13, 2018, Plaintiff extended credit to Visabel Pizza, LLC ("Visabel") in the amount of $410,000.00 (the "Visabel Loan"). As evidence of Visabel's Loan, Visabel executed a US Small Business Administration Note the ("Visabel Note") in favor of the

Plaintiff dated August 13, 2018, in the principal amount of $410,300.00. A copy of the Visabel Note is attached hereto as Exhibit 3 to Exhibit A.

13.     On or about August 31, 2018, James executed a certain Commercial Guaranty guarantying payment of all amounts due from Visabel to Plaintiff, including the Visabel Loan (the "James Guaranty"). A true and correct copy of the James Guaranty is attached hereto as Exhibit 4 to Exhibit A.

14.     Additionally, on or about August 31, 2018, Karla executed a certain Commercial Guaranty guarantying payment of all amounts due on the Visabel Loan, and all other amounts due from Visabel to Plaintiff (the "Karla Guaranty" and collectively with the "James Guaranty" the "Visabel Guarantees"). A true and correct copy of the Karla Guaranty is attached hereto as Exhibit 5 to Exhibit A.

15.     Visabel is in default of the Visabel Note for failure to make the monthly payments when due.

16.     As of September 7, 2023, less attorneys' fees and costs, there is due and owing on the Visabel Note the amount of $384,258.446 plus per diem interest of $55.67 every day after September 7, 2023.

17.     The Visabel Guarantees delivered to Huntington by James Duda, Jr., and Karla C. Duda contain the following language regarding a confession of judgment:

> CONFESSION OF JUDGMENT: Guarantor hereby irrevocably authorizes and empowers any attorney-at-law to appear in any court of record and to confess judgment against Guarantor for the unpaid amount of this Guaranty as evidenced by an affidavit signed by an officer of Lender setting forth the amount then due, attorneys' fees plus costs of suit, and to release all errors, and waive all rights of appeal. If a copy of this Guaranty, verified by an affidavit, shall have been filed in the proceeding, it will not be necessary to file the original as a warrant of attorney. Guarantor waives the right to any stay of execution and the benefit of all exemption laws now or hereafter in effect. No single exercise of the foregoing warrant and

power to confess judgment will be deemed to exhaust the power, whether or not any such exercise shall be held by any court to be invalid, voidable, or void; but the power will continue undiminished and may be exercised from time to time as Lender may elect until all amounts owing on this Guaranty have been paid in full. Guarantor hereby waives and releases any and all claims or causes of action which Guarantor might have against any attorney acting under the terms of authority which Guarantor has granted herein arising out of or connected with the confession of judgment hereunder.

Exs. 4 and 5.

### 42 Note

18.    On or about August 31, 2018, Plaintiff extended credit to Visabel Pizza, LLC ("Visabel") in the amount of $25,000.00 (the "42 Loan"). As evidence of the 42 Loan, Visabel executed a Promissory Note (the "42 Note") in favor of Plaintiff dated August 31, 2018 in the principal amount of $25,000. A Copy of the 42 Note is attached hereto as Exhibit 6 to Exhibit A.

19.    Guarantors guaranteed payment of all amounts due on the 42 Loan pursuant to the Visabel Guarantees.

20.    Visabel is in default of the 42 Note for failure to make the monthly payments when due.

21.    As of September 7, 2023, less attorneys' fees and costs, there is due and owing on the 42 Note the amount of $29,356.68 plus per diem interest of $7.02 every day after September 7, 2023.

### Argument

### I. The Court Should Enter Judgment By Confession Based on the Pleadings.

22.    Federal Rule of Civil Procedure 12(c) allows a party to move for "judgment on the pleadings" after the pleadings are closed, but "early enough not to delay trial." FED. R. CIV. P. 12(c). Courts consider Rule 12(c) motions "by employing the same standard that applies

when reviewing a motion to dismiss for failure to state a claim under Rule 12(b)(6)." *Joliet v. Mid-City Nat. Bank of Chicago,* No. 05 C 6746, 2012 WL 638735, at *1 (N.D. Ill. Feb. 22, 2012). The relevant factual allegations are construed in favor of the non-movant. *Housing Authority Risk Retention Group, Inc. v. Chicago Housing Authority,* 378 F.3d 596, 599 (7th Cir. 2004). In deciding a Rule 12(c) motion, a court considers the pleadings and any written instruments attached as exhibits, *Schmeglar v. PHM Financial, Inc. (In re Schmeglar),* 523 B.R. 119, 122 (Bankr. N.D. Ill. 2014), though a court may also take judicial notice of documents that are part of the public record. *Hernandez ex rel. Gonzales v. Tapia,* No.10-CV-4124, 2010 WL 52392942, at *3 (N.D. Ill. Dec. 15, 2010)).

23.     Confessions of judgment have existed under Illinois law for well over a century. *Gardner v. Bunn,* 132 Ill. 403, 408 (1890); *see also* 735 ILCS 5/2-1301 ("The court shall determine the rights of the parties and grant to any party any affirmative relief to which the party may be entitled on the pleadings and proofs."). The Court of Appeals for the Seventh Circuit has also recognized the enforceability of confession of judgment clauses in loan documents. *IFC Credit Corp. v. United Bus. & Indus. Fed. Credit Union,* 512 F.3d 989, 994 (7th Cir. 2008) (citing *D.H. Overmyer Co. v. Frick Co.,* 405 U.S. 174 (1972)). The Illinois Code of Civil Procedure provides, "any person for a debt bona fide due may confess judgment by himself or herself or attorney duly authorized, without process." 735 ILCS 5/2-1301(c). Thus, confessions of judgment by plaintiff's counsel is expressly permitted under Illinois law. *See Citibank, N.A. v. Bearcat Tire, A.G.,* 550 F. Supp. 148, 150-51 (N.D. Ill. 1982); *Financial Mgmt. Servs., Inc. v. Sibilsky & Sibilsky, Inc.,* 130 Ill. App. 3d 826, 836 (1st Dist. 1985); *Fliss v. Generation Cap. I, LLC,* No. 19-CV-08187, 2022 WL 507566 (N.D. Ill. Feb. 18, 2022).

24.     Plaintiff is entitled to judgment as a matter of law based on the Notes and Guarantees attached to Plaintiff's Affidavit (Ex. A) as Exhibits 1, 2, 3, 4, 5 and 6.

25.     A confession signed pursuant to Guarantees has been filed simultaneously with this motion.

WHEREFORE, Plaintiff The Huntington National Bank requests that orders of judgment by confession be entered in its favor and against Guarantors, James Duda Jr. and Karal Duda; and the Court grant such other and further relief as it deems proper.


Dated:  September ___, 2023                    Respectfully submitted,

                                               The Huntington National Bank


                                               By:    *Matthew L. Hendricksen*
                                                      One of its Attorneys

Matthew L. Hendricksen (6296720)
Plunkett Cooney, P.C.
221 N. LaSalle Street, Suite 3500
Chicago, Illinois 60601
(312) 970-3495
mhendricksen@plunkettcooney.com


Open.26611.31925.31711965-2

7